UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILL JOHNSON,
        Plaintiff,        CIVIL ACTION NO. 06-CV-11608-DT

vs.

        DISTRICT JUDGE ROBERT H. CLELAND

MATI, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that this action be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**II. REPORT:**

This prisoner civil rights case under 42 U.S.C. § 1983 comes before the Court on Plaintiff's Motion to Amend Complaint filed on September 12, 2006 which he styled as a "Motion to Add Other Defendant Names to Plaintiff's 42 USC 1983." (Docket no. 16). This motion will be granted by separate Order entered contemporaneously with this Recommendation. However, that motion has brought to the Court's attention Plaintiff's failure to exhaust his administrative remedies which is the subject of this Recommendation. No Defendants have been served in the action. The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

        *A.        Factual and Procedural Background*

Plaintiff is a prisoner incarcerated at the Parnall Correctional Facility in Jackson, Michigan. He names three defendants in his Complaint. These are Dr. Mati, Dr. Conny, and Dr. Johnson. Plaintiff seeks damages as relief for the alleged deliberate indifference to his serious medical needs shown by Defendants while he was incarcerated at Parnall. Plaintiff attached his Step I and Step II grievance

-1-

responses to his Complaint. Although he stated on his Complaint form that he had completed Step III, no papers showing exhaustion at this level were attached. In his grievances, Plaintiff named Drs. Mati, Johnston, and Conney.

Plaintiff failed to give any first names for the Defendants and only gave as their addresses the address of the Parnall Correctional Facility. Attempts at service of the summonses and Complaint were not successful. As a result, this Court entered an Order on July 17, 2006 ordering Plaintiff to show cause why the Complaint should not be dismissed pursuant to Fed. R. Civ. P. 4(m). (Docket no. 13) The Court later granted Plaintiff's motion for an extension of time until September 8, 2006 to show cause. Plaintiff filed the motion to amend his complaint on September 12.

Plaintiff's motion to amend his complaint seeks to "add" the original three defendants to this action while supplying their first names and changing the spelling of their last names. Plaintiff also seeks to add Dr. Keith Camann and Correctional Medical Services, Inc., as defendants. Plaintiff's motion to amend will be granted by the separate Order.

B.     *Standard of Review*

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner bears the burden of showing exhaustion by attaching to his Complaint the administrative decision, if available, showing the administrative disposition of his complaint. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). "District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant." *Id.* The grievance must specifically name the person who is being sued. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Moreover, the exhaustion of administrative remedies must be total. This means that the entire Complaint must be dismissed if the prisoner has not demonstrated that he has exhausted all claims against all defendants. *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) *pet. for cert. filed* (Jan. 9, 2005); *but see Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006) (purporting to give contradictory holding). The Supreme Court has granted certiorari to resolve the issue of total exhaustion, but because the *Spencer* panel could not overrule the *Jones Bey* panel's decision, the Court should follow the total exhaustion rule. The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Woodford v. Ngo* 126 S.Ct. 2378 (2006).

    *C.*    *Exhaustion*

Plaintiff has failed to show exhaustion of his administrative remedies in several ways. First, with regard to the original Defendants, Plaintiff failed to attach to his Complaint any document showing that he appealed to Step III of the grievance process or provide an adequate explanation for this failure. In order to show total exhaustion, he must do so. *See Jones-Bey*, 407 F.3d at 803-04 n.2 (grievance fully exhausted after prisoner undertakes all 3 steps). Moreover, once the Complaint is amended to name the additional Defendants, Dr. Camann and the Correctional Medical Services, Plaintiff has failed to show any exhaustion of remedies as to these two Defendants because they were not named in the grievance forms he did attach to his Complaint. To totally exhaust his remedies, Plaintiff must exhaust remedies as to all defendants. *See Curry*, 249 F.3d at 505. Accordingly, the appropriate action is to dismiss this action without prejudice to Plaintiff totally exhausting the claims in his Complaint. *See Jones Bey*, 407 F.3d at 809.

### III.    <u>**NOTICE TO PARTIES REGARDING OBJECTIONS:**</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 11, 2006　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Will Johnson on this date.

Dated: October 11, 2006　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　Courtroom Deputy